**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.     10-cv-01984-REB-KLM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2001 CHEVY TAHOE C1500 VIN 1GNEC13T11R220924

    Defendant.

## DEFAULT AND FINAL ORDER OF FORFEITURE

**Blackburn, J.**

The matter is before me on the United States' **Motion for Default and Final Order of Forfeiture** [#11][1] filed December 20, 2010, as to defendant property.  The Court having reviewed said Motion FINDS:

THAT The United States commenced this action *in rem* pursuant to 21 U.S.C. § 881;

THAT all known interested parties have been provided an opportunity to respond and that publication has been effected as required by Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

THAT after notice, there have been no Claims, Answers, or other responsive pleadings filed in this matter as to as to defendant property as required by Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions

---

[1] "[#11]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

and 18 U.S.C. § 983 (a)(4).

THAT Entry of Default was entered by the Clerk of the Court on December 3, 2010 (ECF Document 10); and

THAT based upon the facts and verification set forth in the Verified Complaint, it appears that there was reasonable cause for the seizure of as to defendant property and a Certificate of Reasonable Cause is granted pursuant to 28 U.S.C. § 2465.  It further appears by a preponderance of the evidence that there is cause to issue a forfeiture order under 21 U.S.C. § 881;

THAT the facts and verifications as set forth in the Verified Complaint provide probable cause and an ample basis by a preponderance of the evidence for a final Judgment and Order of Forfeiture as to defendant property,

THAT pursuant to Fed. R. Civ. P. 54(b), this Court hereby expressly determines that there is no just reason for delay in entering Final Order of Forfeiture and Judgment as to defendant property.

**NOW, THEREFORE, IT IS ORDERED, DECREED, AND ADJUDGED:**

1. That the **Motion for Default and Final Order of Forfeiture** [#11] filed December 20, 2010, is **GRANTED**;

2. That default and forfeiture as to defendant property, including all right, title, and interest in and to the defendant property, is hereby entered in favor of the United States;

3. That the United States shall have full and legal title as to defendant property and may dispose of said property in accordance with law;

4.  That this Default and Final Order of Forfeiture shall serve as a Certificate of Reasonable Cause as to as to all defendant property under 28 U.S.C. § 2465; and

5.  That the Clerk shall enter a Default Judgment as to defendant property pursuant to Rule 55 of the Federal Rules of Civil Procedure.

Dated June 24, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge